UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISANT SCOTT,

    Plaintiff,

-vs-

ELIZABETH GOODRICH, RN and
TERI MASSEY, NP,
In Their Individual Capacities,

    Defendants.

_____/

Case No. 18-cv-_____-NO

Hon. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ALISANT SCOTT, by and through her attorneys, GIROUX AMBURN PC, states the following for her Complaint against the above-named Defendant(s):

1. This is a 42 U.S.C. § 1983 federal civil rights case filed pursuant to the Eighth and Fourteenth Amendment of the United States Constitution as applied to the States due to the Defendants' individual and collective personal, malicious, and unlawful violations under color of state law of Plaintiff's constitutional rights to adequate medical while imprisoned.

2. Defendants committed these unlawful violations of Plaintiff's constitutional and state rights under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, and property rights

### I.    JURISDICTION AND VENUE

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of civil rights under the Eighth and Fourteenth Amendment to the United States Constitution.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §

1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5. Venue is proper in this judicial district. Defendants' primary employment and residence are in this district and Defendants' unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein accrued within this district, in the City of Pontiac, County of Oakland and State of Michigan.

6. At all material times, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human, safety, and property rights. The amount in controversy exceeds $75,000 exclusive of costs and fees.

## II.   PARTIES

7. Plaintiff Alisant Scott is an adult female residing within this Court's jurisdiction.

8. Defendants Elizabeth Goodrich, RN, and Teri Massey, NP are now, and at all material times were employed by Corrective Care Solutions to provide medical care to the prisoners held in the Oakland County Jail in Pontiac, Michigan.

## III.   FACTUAL ALLEGATIONS

9. On or about May 11, 2016 Plaintiff Alisant Scott, 45, was incarcerated at the Oakland County Jail in Pontiac, Michigan. She had previously been diagnosed as suffering from asthma, bronchitis, and COPD. She used an albuterol inhaler, Qvar inhaler, Celexa 40 mg, Topamax 200 mg and Benadryl 25 mg upon arrival at the jail.

10. Plaintiff had a history of a prior mass in her left breast that had been treated surgically in 2010 or 2011.

11. On September 25, 2016, Plaintiff completed a Health Service Request (known as a kite) and was seen by Defendant Elizabeth Goodrich, RN, at the Oakland County Jail. At 9:00

a.m. Plaintiff advised Goodrich that since 1:00 p.m. on September 23, 2016 she experienced pain 8 out of 10 on a 0-10 scale in her right breast. The breast was tender and there was a lump or mass in it. Scott's vital signs were a blood pressure of 120/80, pulse of 124, respiration of 16, temperature was 97.6 and her pulse was 98.

12. An exam by Goodrich revealed erythema in the breast and a mass with a temperature difference in the breast. Scott's abdomen was soft, Goodrich noted the right breast had a 6 inch mass around the nipple. The breast was warm to touch and the nipple was red. Goodrich spoke with Defendant Teri Massey, a Nurse Practitioner who ordered that Scott use Bactrim DS 21 for 10 days and Motrin. She noted "HCPSC" in the Plaintiff's chart on Wednesday, September 28, 2016.

13. On September 29, 2016, Scott was seen by Defendant Massey. Scott reported pain, swelling and redness in the right breast and stated "she woke up like this" last Friday and that her condition had not improved with the use of Bactrim. She reported to Massey the same thing happened to her before and she ended up having surgery to remove a cyst from her left breast. Massey noted erythema, edema and warmth and palpated a large mass on the outer aspect of the right breast. Massey's plan was to order an ultrasound, and ordered Malbec while discontinuing the Bactrim.

14. On October 1, 2016, Scott completed another Health Service Request in which she stated "I've tried being patient but the pain that I'm feeling is so bad. The pill or whatever it is, is not helping any. It's not fair I had to sit here day after day in so much pain. I need something else ASAP. It's not something minor!!! And can I have ice or heat?"

15. Massey reviewed the request and an ultrasound was ordered. She was referred to "K Work, NP" and offered ice packs.

16. On September 30, 2016, an ultrasound of the right breast was performed at the Oakland County Jail. The findings were interpreted by Santiago Jiminez, M.D. and faxed to the jail in a report on September 30, 2016. The impression by Dr. Jiminez was:

> Suspicious solid masses in the outer portion of the RIGHT breast. Recommend biopsy. Also recommend mammographic correlation

The findings were:

> Breast ultrasound limited: There are at least 4 heterogeneous solid and lobular masses at 9 o'clock position approximately 1-2 cm from the areola. These measure approximately 2 X 2 X 2 cm, 3.3 X 28 X 3.3 cm, 1.4 X 0.9 cm and 1 X 1 X 2 cm.

17. On October 7, 2016, Scott completed another Health Service Request stating that she needed more pain pills then the Motrin and that she believed her right breast was now infected and that it had now been over two weeks since she reported her illness at 8:00 a.m. and an unknown health care worker at the jail noted that Scott was "out at a hospital." The request, however is signed by another health care provider on October 7, 2016 at "11:00" with a signature that is unknown.

18. On October 7, 2016, Scott was taken to McLaren Oakland Hospital by Oakland County Sheriff deputies. She was initially seen in the Emergency room by Dr. Jeffrey Mason. Her blood pressure upon arrival was 121/78, temperature was 100.6, and pulse was 103. She described pain in her right breast 10 of 10 on a 1 to 10 scale. Laboratory results revealed a wbc of 11.84 and rbs of 4.19. The diagnosis was right sided breast mastitis/cellulitis and Scott was admitted to the hospital and a mammogram was performed. She developed a fever to 101.2. Scott was scheduled to have exploratory surgery for drainage of the right breast on October 8, 2016, however, she experienced a spontaneous rupture of the mass in her breast with approximately 50 ml or more of purulent drainage with some clots.

4

19. On October 8, 2016, Scott underwent surgery performed by Dr. Dana Bush to drain the abscess. The abscess was drained. The majority of the breast was necrotic and Dr. Bush made the decision to perform a simple mastectomy and install a wound VAC. On October 11, 2016, Scott underwent another surgery to have the wound VAC removed, a drain placed and a primary closure of the breast.

## IV.   COUNTS

### COUNT 1: § 1983 CLAIM OF DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED

20. Plaintiffs re-allege and incorporates by reference all of the preceding paragraphs in this complaint.

21. Defendants Goodrich, and Massey personally, maliciously, and under color of state law deprived Plaintiff of Plaintiff's right under the Eighth and Fourteenth Amendment to the United States Constitution, by deliberate indifference to her medical needs. Plaintiff presented to both Defendants with a severely infected breast and it was obvious to both Defendants that immediate treatment by way of imaging tests, evaluation by a physician and surgical treatment of the abscess in her breast was the only treatment which was indicated.

22. The Defendants' dispensing of Bactrim, an antibiotic and Motrin an analgesic by analogy is similar to giving a person suffering a cardiac arrest or infarction an aspirin.

23. The failure to order an ultrasound or other imaging study by Defendant Massey and Goodrich immediately upon encountering ignored Plaintiffs serious medical condition.

24. The failure to follow up and review the results when an ultrasound was eventually ordered and performed on September 30, 2016 until October 7, 2016 was deliberate indifference.

25. The failure to provide pain relief and medication to Plaintiff during the entire

period from when Defendants first became aware of the serious nature of the infection in Plaintiffs breast also amounts to deliberate indifference to a serious medical need.

26. In depriving Plaintiff of these rights, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff's well being.

27. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

28. As a direct and proximate result of the Defendants' deliberate indifference to Plaintiff's medical needs, she suffered serious illness which resulted in unnecessary pain and also resulted in an infection so overwhelming she underwent a mastectomy of her right breast.

## V.   DAMAGES

29. The conduct of the Defendants was and remains extreme, outrageous and shocking and subjects each Defendant to punitive damages.

WHEREFORE, Plaintiff requests the following relief:

    a. Reasonable medical expenses;

    b. Reasonable compensation for pain and suffering;

    c. Reasonable compensation for emotional and mental distress, shock, fright and disfigurement to her body;

    d. Punitive and exemplary damages;

    e. Reasonable attorney fees, costs and interest and other relief recoverable pursuant to 42 U.S.C. § 1983 and 1988.

Respectfully submitted,

***Giroux Amburn PC***

Dated: May 25, 2018

/s/ Paul W. Broschay
PAUL W. BROACHY (P-36267)
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
p.broschay@girouxamburn.com

## **JURY DEMAND**

Plaintiff ALISANT SCOTT, by and through her attorneys, GIROUX AMBURN PC, hereby demands Trial by Jury in this matter.

Respectfully submitted,

***Giroux Amburn PC***

Dated: May 25, 2018

/s/ Paul W. Broschay
PAUL W. BROACHY (P-36267)
Attorneys for Plaintiffs
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
p.broschay@girouxamburn.com