UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISANT SCOTT,

    Plaintiff,

v.

    Case No. 18-cv-11658
    District Judge Victoria A. Roberts
    Magistrate Judge Anthony P. Patti

ELIZABETH GOODRICH, R.N.,
TERI MASSEY, N.P.,
In Their Individual Capacities, and
CORRECT CARE SOLUTIONS

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. #13)

### I. INTRODUCTION

Alisant Scott ("Scott") filed this civil rights action under 42 U.S.C. § 1983 against Elizabeth Goodrich, R.N. ("Goodrich"), Teri Massey, N.P. ("Massey"), and Correct Care Solutions ("CCS") (collectively, "Defendants"). Scott also brought a medical malpractice claim against Defendants. Scott says that Goodrich and Massey violated her rights under the Eighth Amendment to the United States Constitution by providing inadequate and untimely medical care. Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

For the reasons below, Defendants' motion to dismiss is **DENIED**.

### II. FACTS

Scott was imprisoned at the Oakland County Jail during the events giving rise to this litigation. CCS was under contract with Oakland County to provide medical care to inmates.

1

On September 25, 2016, Scott filled out a Health Service Request, stating that she had a hard, baseball sized knot in her right breast; she was seen by Goodrich at 9 am that day. Goodrich found erythema and a mass with a temperature difference in Scott's right breast. Goodrich contacted Teri Massey, a Nurse Practitioner. Massey prescribed Bactrim and Motrin. Massey also scheduled a follow-up appointment with Scott.

Scott saw Massey on September 29, 2016. Scott told Massey that she had "been like this since last Friday," and that the prescribed antibiotic had been ineffective. Scott also told Massey that she had previously had surgery to remove a cyst from her left breast. Massey's examination found erythema, edema, and a warm mass in the breast. Massey discontinued Bactrim, prescribed Mobic, and ordered an ultrasound, performed on September 30, 2016.

The ultrasound report was sent to the Oakland County Jail on September 30. The report recommended, among other things, that Scott undergo a mammogram. Nothing more happened until October 7, 2016, when Scott filed another Health Service Request, stating that she needed more pain pills and that she believed her right breast was now infected. That same day, Scott was taken to McLaren Oakland Hospital. Scott had not received any medical attention since September 30.

Scott had a mammogram at the hospital; the hospital scheduled surgery to drain her right breast for October 8. However, Scott experienced a spontaneous rupture of the mass before surgery could be performed.

On October 8, Scott underwent surgery to drain the abscess. The abscess was successfully drained; however, due to damage caused by the rupture, the surgeon also performed a mastectomy.

On May 25, 2018, Scott filed her original complaint. Scott filed an Amended Complaint on June 18, 2018. The Amended Complaint contains two counts: (1) 42 U.S.C. § 1983 claim of deliberate indifference to a serious medical need; and (2) medical malpractice of Defendants Goodrich, Massey, and Correct Care Solutions. Defendants moved to dismiss both counts.

Scott responded to the motion and filed a motion for leave to file amended affidavits of merit; the parties stipulated to the motion for leave. Accordingly, the portion of Defendants' motion to dismiss Count II is moot. The Court is left to consider Defendants' request to dismiss Scott's claims of deliberate indifference, Count I.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions;" a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled factual allegations.

*Id.* The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

Defendants say that Count I of the Amended Complaint should be dismissed because Scott fails to plead a plausible claim for deliberate indifference. The Court disagrees.

### A. Scott's Deliberate Indifference Claims

Scott says that Defendants Goodrich and Massey violated her rights under the Eighth Amendment by providing inadequate and untimely medical care, resulting in unnecessary pain and the loss of her right breast.

Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The deliberate indifference analysis includes both objective and subjective components. *See Grose v. Corr. Med. Servs., Inc.*, 400 F.App'x 986, 988 (6th Cir. 2010). The objective component requires proof of "a sufficiently serious medical need." *Id.* (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009)). Where some treatment has been provided or the medical need is non-obvious, the plaintiff must present verifying medical evidence demonstrating the detrimental effect of the delay in medical treatment. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 894 (6th Cir. 2004).

4

The subjective component requires proof that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Grose*, supra, at 988 (citing *Dominguez*, 555 F.3d at 550). The requisite state of mind may be demonstrated by inference from circumstantial evidence. *See Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 916 (6th Cir. 2016). Importantly, deliberate indifference is not mere negligence; the culpable state of mind is equivalent to criminal law recklessness. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994).

Generally, "the question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, supra, at 107. However, grossly inadequate medical care can constitute deliberate indifference. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005). Grossly inadequate medical care is medical care that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2001)). Determining whether a defendant provided grossly inadequate medical care requires a "particularized, fact-specific inquiry." *Id.* (citing *Terrance*, 286 F.3d at 843).

Scott presents facts sufficient to state a plausible claim that Defendants were deliberately indifferent to her serious medical needs. Scott says that she presented to both Goodrich and Massey with a severely infected breast. Scott also says that it was obvious that she needed immediate treatment, including evaluation by a physician, imaging tests, and surgery. Additionally, Scott says that Defendants ignored her serious medical condition by failing to: (1) administer the required treatment; (2) provide

5

effective pain medication; (3) order an ultrasound at her first appointment; and (4) follow up once the ultrasound report was sent to the jail.

Scott's factual assertions must be taken as true at this motion to dismiss stage. *Bredesen,* supra, at 527. Taking Scott's allegations as true, her medical needs could be deemed serious enough to satisfy the objective component of the deliberate indifference test; even if her medical needs could be considered non-obvious, she alleges facts sufficient to state a plausible claim that the delay in treatment caused her injury. Indeed, Scott alleges that the delay caused the loss of her right breast.

Scott has also alleged facts sufficient to state a plausible claim regarding the subjective component. Indeed, Scott's allegations amount to an assertion that Defendants subjectively perceived facts from which to infer substantial risk to her, that they did in fact draw the inference, and that they disregarded that risk. *Grose*, supra, at 988. Moreover, Scott alleges facts that, if true, show her issue is more than a mere disagreement with the treatment she received; Scott alleges facts sufficient to state a plausible claim that Defendants provided grossly inadequate medical treatment.

## V. CONCLUSION

Scott's allegations satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*; she has plead facts sufficient to state a plausible claim that Defendants Goodrich and Massey were deliberately indifferent to her serious medical needs.

The Court **DENIES** Defendants' motion to dismiss.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 10/5/18